UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-60326-ROSENBERG

UNITED STATES OF AMERICA,

v.

AKEEM VICTOR REED,

    Defendant.
_____/

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

## I.   Background

The Defendant, AKEEM VICTOR REED, appeared before the Court on April 26, 2024 and May 3, 2024, for a status conference re: final hearing on the Superseding Petition for Offender Under Supervision ("Superseding Petition") [DE 96]. At the April 26, 2024 hearing, Defendant and his counsel advised the Court that Defendant wished to admit only to supervised release violations #1, 2 and 4, with the Government agreeing to present no evidence as to the four remaining supervised release violations. Although the AUSA agreed to this proposed resolution, the U.S. Probation Officer did not. The Court also had concerns about this proposal. This led to the Court holding two hearings on this matter, first on April 26, 2024 and then again on May 3, 2024. This dispute is discussed further below.[1]

---

[1] The U.S. Probation Officer did not agree to the AUSA abandoning violation #6. Because the U.S. Probation Office is an arm of the Court and it is the U.S. Probation Officer that submitted the Superseding Petition, the Court expressed its concern with the AUSA's stated intent and rationale for not pursuing violation #6 (which alleges a felony Grand Theft arrest). Ultimately, after hearing from Defendant, the AUSA, and the U.S. Probation Officer, the Court determined that violation #6 should be held in abeyance and potentially addressed by the Honorable Robin L. Rosenberg, United States District Judge, as she chooses, at the final Sentencing hearing or at any other hearing she deems appropriate. This avoids further unnecessary delay.

The background of this case is as follows. Defendant was originally convicted in the Southern District of Florida of unlawfully taking and carrying away a firearm from a federally licensed dealer, in violation of 18 U.S.C. § 922(u), a Class C felony ("Count 2"), and of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), a Class E felony ("Count 7"). On November 13, 2020, the Honorable Robin L. Rosenberg, United States District Judge, sentenced Defendant to one (1) day in prison as to Count 2, and to 24 months in prison as to Count 7, with both sentences to run consecutively, followed by two (2) years of supervised release with certain special conditions. Defendant's term of supervised release commenced on October 19, 2022.

Defendant is now charged with the following seven violations of his supervised release conditions in the Superseding Petition [DE 96]:

1. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On November 16, 2023, January 4, 2024, and January 31, 2024, the defendant submitted urine specimens which tested positive for the presence of marijuana in our local laboratory; and subsequently were confirmed positive by Alere Toxicology Services, Incorporated.

2. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On February 20, 2024, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; confirmation by Alere Toxicology Services, Incorporated, is pending.

3. **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about February 15, 2024, the defendant moved from his approved residence of 1603 NW 66 Street, Miami, Florida, and failed to notify the probation officer 10 days prior to any change.

4. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On January 30, 2024, the defendant was instructed to submit to drug testing every Monday, and he failed to report as instructed on February 6, 2024, and February 12, 2024.

5. **Violation of Special Condition**, by failing to participate in an approved treatment program. On or about February 5, 2024, and February 12, 2024, the defendant failed to attend his scheduled appointment with Compass Health Systems, Incorporated, and to date, has not satisfactorily participated in treatment as directed by the court and monitored by the U.S. Probation Officer.

6. **(Superseding) Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 22, 2024, in Miami-Dade County, Florida, the defendant committed the offense of Grand Theft, contrary to Florida Statute 812.014(2)(C).

7. **(Superseding) Violation of Mandatory Condition**, by refusing to submit to drug testing. On January 30, 2024, the defendant was instructed to submit to drug testing every Monday, and he failed to report as instructed on February 6, 2024, and February 12, 2024.

## II. Summary of Hearings

As noted above, the Court held two hearing on this matter. At the first hearing on April 26, 2024, the Court addressed the unusual dispute between the U.S. Probation Officer and the AUSA as to violation #6. The Court also discussed its concerns on the record as to the AUSA's intent to abandon violation #6 and then continued the hearing to May 3, 2024.

At the May 3, 2024 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses.

After being advised of his rights and the maximum penalties he is facing, Defendant waived his right to a contested revocation hearing as to violations #1, 2, and 4, and admitted to violations #1, 2, and 4 as alleged in the Superseding Petition. The Court finds that Defendant made his waiver and admissions as to those three violations knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to violations #1, 2, and 4, as well as its review of the record, the Court finds by a preponderance of the evidence that Defendant committed violations #1, 2, and 4 as alleged in the Superseding Petition.

The Government presented no evidence to support the allegations contained in violations #3, 5, and 7 as alleged in the Superseding Petition, and requested that the Court dismiss those violations. The Court finds that based on the lack of evidence as to violations # 3, 5, and 7, the Court should dismiss those three violations.

As to violation #6, the AUSA's decision to not pursue that alleged violation, coupled with the U.S. Probation Officer's objection to the AUSA's decision, raised a unique issue of first impression. The Court does not find a reasoned and logical basis for the AUSA to abandon violation #6 and request its dismissal. In a similar vein, the Court does find that the U.S. Probation Officer's objection to the AUSA's decision on violation #6 to be well-founded in light of the fact that violation #6 alleges a felony arrest for Grand Theft which the Court views as more serious than all the other alleged violations. For this reason and other reasons, the Court decided to hold violation #6 in abeyance for Judge Rosenberg to address in her discretion at the Sentencing hearing or at any other hearing set by Judge Rosenberg on this matter. The AUSA, the Defendant, and the U.S. Probation Officer were in agreement to this procedure.

### III.  Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable Robin L. Rosenberg, United States District Judge, find that Defendant has violated the terms and conditions of his supervised release as alleged in violations #1, 2, and 4 of the Superseding Petition. The Undersigned recommends that Judge Rosenberg set a Sentencing hearing on violations #1, 2 and 4.

The Undersigned further recommends that Judge Rosenberg dismiss violations #3, 5, and 7 of the Superseding Petition.

Finally, the Undersigned recommends that Judge Rosenberg, in her discretion, address violation #6 at the Sentencing hearing or other hearing as deemed appropriate by Judge Rosenberg.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of May, 2024.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge